JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
ELI A. ALCARAZ (Cal. Bar No. 288594)
MICHAEL J. MORSE (Cal. Bar No. 291763)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     312 North Spring Street, Floor 15
     Los Angeles, California 90012
     Telephone: (213) 894-3424/7367
     Facsimile: (213) 894-6269
     Email:     Eli.Alcaraz@usdoj.gov
                Michael.Morse@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>TREVOR JAMES KIRK,<br><br>          Defendant. | CR No. 24-527-SVW<br><br>JOINT PROPOSED JURY INSTRUCTIONS<br><br>Trial Date:  February 4, 2025<br>Trial Time:  9:00 a.m.<br>Location:    Ctrm. of the Hon.<br>             Stephen V. Wilson |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Eli A. Alcaraz and Michael J. Morse, and defendant Trevor James Kirk ("defendant"), by and through his counsel of record, Tom Yu, Edward M. Robinson, and Brian A. Robinson, hereby submit their Joint Proposed Jury Instructions.

    Unless otherwise noted, the parties have used the most recent version of the Model Criminal Jury Instructions found on the Ninth

1  Circuit's website at: https://www.ce9.uscourts.gov/jury-
2  instructions/sites/default/files/WPD/Criminal_Instructions_2024_11.p
3  df, which is the 2022 edition last updated November 2024.

4      The parties respectfully request the opportunity to modify
5  these jury instructions as needed.

6  Dated: January 21, 2025          Respectfully submitted,

7                                   JOSEPH T. MCNALLY
                                    Acting United States Attorney
8
                                    LINDSEY GREER DOTSON
9                                   Assistant United States Attorney
                                    Chief, Criminal Division
10

11                                   /s/Eli A. Alcaraz
                                    ELI A. ALCARAZ
12                                  MICHAEL J. MORSE
                                    Assistant United States Attorneys
13
                                    Attorneys for Plaintiff
14                                  UNITED STATES OF AMERICA

15

16  Dated: January 21, 2025          /s/ (via email authorization)
                                    TOM YU
17                                  EDWARD M. ROBINSON
                                    BRIAN A. ROBINSON
18
                                    Attorneys for Defendant
19                                  TREVOR JAMES KIRK

20

21

22

23

24

25

26

27

28

## INDEX OF JOINT PROPOSED JURY INSTRUCTIONS

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| **Preliminary Instructions** | | | |
| 1 | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 | 1 |
| 2 | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 | 2 |
| 3 | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 | 3 |
| 4 | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 | 4 |
| 5 | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 | 5 |
| 6 | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 | 6 |
| 7 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 | 7 |
| 8 | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 | 9 |

1

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| 9 | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 | 12 |
| 10 | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 | 13 |
| 11 | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 | 14 |
| 12 | Bench Conferences and Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.16 | 15 |
| **Instructions During Course of Trial** | | | |
| 13 | Cautionary Instructions | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 | 16 |
| 14 | Stipulations of Fact | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 | 17 |
| 15 | Transcript of Recording in English | Ninth Circuit Model Criminal Jury Instructions, No. 2.6 | 18 |
| 16 | Evidence for Limited Purpose [IF APPLICABLE] | Ninth Circuit Model Criminal Jury Instructions, No. 2.12 | 19 |

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| Instruction at End of Case (Before Closing Arguments) |
| 17 | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 | 20 |
| 18 | Charge Against Defendant Not Evidence –– Presumption of Innocence -- Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 | 21 |
| 19 | Defendant's Decision Not To Testify/To Testify [AS APPLICABLE] | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3, 6.4 | 22 |
| 20 | Reasonable Doubt -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 | 23 |
| 21 | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 | 24 |
| 22 | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 | 25 |
| 23 | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 | 26 |
| 24 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 | 27 |
| 25 | Activities Not Charged [IF APPLICABLE] | Ninth Circuit Model Criminal Jury Instructions, No. 6.10 | 29 |

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| 26 | On or About -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 | 30 |
| 27 | Statements by Defendant [IF APPLICABLE] | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 | 31 |
| 28 | Opinion Evidence -- Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.14 | 32 |
| 29 | Charts and Summaries Not Admitted into Evidence [IF APPLICABLE] | Ninth Circuit Model Criminal Jury Instructions, No. 3.16 | 33 |
| 30 | Charts and Summaries Admitted into Evidence [IF APPLICABLE] | Ninth Circuit Model Criminal Jury Instructions, No. 3.17 | 34 |
| 31 | Deprivation of Rights Under Color of Law | 18 U.S.C. § 242; 2 O'Malley, Grengig & Lee, Federal Jury Practice and Instructions §§ 29:03, 29:04 (6th ed. Updated Aug. 2022); additional sources. | 35 |
| 32 | Bodily Injury or Dangerous Weapon | 18 U.S.C. § 242; 7th Circuit Pattern Instruction 18 U.S.C. § 242 (Bodily Injury); additional sources. | 40 |

4

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| 33 | Not to Consider "Reasonable Suspicion" or "Probable Cause" | Parties' agreement based on the facts of this case. | 43 |
| 34 | Existence of a Civil Proceeding Should Not Affect Determination | Parties' agreement based on the facts of this case. | 44 |
| 35 | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 | 45 |
| 36 | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 | 47 |
| 37 | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 | 49 |
| 38 | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 | 50 |
| 39 | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 | 51 |
| 40 | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 | 52 |

1    COURT'S INSTRUCTION NO. _____

2    JOINT PROPOSED INSTRUCTION NO. 1

3    Jurors: You now are the jury in this case, and I want to take a

4    few minutes to tell you something about your duties as jurors and to

5    give you some preliminary instructions.  At the end of the trial, I

6    will give you more detailed written instructions that will control

7    your deliberations.

8    When you deliberate, it will be your duty to weigh and to

9    evaluate all the evidence received in the case and, in that process,

10   to decide the facts.  To the facts as you find them, you will apply

11   the law as I give it to you, whether you agree with the law or not.

12   You must decide the case solely on the evidence and the law before

13   you.

14   Perform these duties fairly and impartially.  You should not be

15   influenced by any person's race, color, religious beliefs, national

16   ancestry, sexual orientation, gender identity, gender, or economic

17   circumstances.  Also, do not allow yourself to be influenced by

18   personal likes or dislikes, sympathy, prejudice, fear, public

19   opinion, or biases, including unconscious biases.  Unconscious

20   biases are stereotypes, attitudes, or preferences that people may

21   consciously reject but may be expressed without conscious awareness,

22   control, or intention.  Like conscious bias, unconscious bias can

23   affect how we evaluate information and make decisions.

24

25

26   Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.)

27   [Duty of Jury].

28

1

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 2

3      This is a criminal case brought by the United States

4  government.  The government charges the defendant with Deprivation

5  of Rights Under Color of Law, in violation of Title 18, United

6  States Code, Section 242.  The charge against the defendant is

7  contained in the Indictment.  The Indictment simply describes the

8  charge the government brings against the defendant.  The Indictment

9  is not evidence and does not prove anything.

10     The defendant has pleaded not guilty to the charge and is

11 presumed innocent unless and until the government proves the

12 defendant guilty beyond a reasonable doubt.  In addition, the

13 defendant has the right to remain silent and never has to prove

14 innocence or present any evidence.

25 Ninth Circuit Model Criminal Jury Instructions, No. 1.2 (2022 ed.)

26 [The Charge -- Presumption of Innocence] (Modified to reflect

27 Indictment).

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

1.    The sworn testimony of any witness;

2.    The exhibits that are received in evidence; and

3.    Any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) [What Is Evidence].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are <u>not</u> evidence, and you must not consider them as evidence in deciding the facts of this case:

1.    Statements and arguments of the attorneys;

2.    Questions and objections of the attorneys;

3.    Testimony that I instruct you to disregard; and

4.    Anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) [What Is Not Evidence].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Ninth Circuit Model Criminal Jury Instructions, No. 1.5 and comment (2022 ed.) [Direct and Circumstantial Evidence].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) [Ruling on Objections].

1        COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 7

3        In deciding the facts in this case, you may have to decide

4    which testimony to believe and which testimony not to believe.  You

5    may believe everything a witness says, or part of it, or none of it.

6        In considering the testimony of any witness, you may take into

7    account:

8        1.    The witness's opportunity and ability to see or hear or

9              know the things testified to;

10       2.    The witness's memory;

11       3.    The witness's manner while testifying;

12       4.    The witness's interest in the outcome of the case, if any;

13       5.    The witness's bias or prejudice, if any;

14       6.    Whether other evidence contradicted the witness's

15             testimony;

16       7.    The reasonableness of the witness's testimony in light of

17             all the evidence; and

18       8.    Any other factors that bear on believability.

19       Sometimes a witness may say something that is not consistent

20   with something else he or she said.  Sometimes different witnesses

21   will give different versions of what happened.  People often forget

22   things or make mistakes in what they remember.  Also, two people may

23   see the same event but remember it differently.  You may consider

24   these differences, but do not decide that testimony is untrue just

25   because it differs from other testimony.

26       However, if you decide that a witness has deliberately

27   testified untruthfully about something important, you may choose not

28

7

to believe anything that witness said.  On the other hand, if you
think the witness testified untruthfully about some things but told
the truth about others, you may accept the part you think is true
and ignore the rest.

You must avoid bias, conscious or unconscious, based on a
witness's race, color, religious beliefs, national ancestry, sexual
orientation, gender identity, gender, or economic circumstances in
your determination of credibility.

The weight of the evidence as to a fact does not necessarily
depend on the number of witnesses who testify about it.  What is
important is how believable the witnesses are and how much weight
you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.)
[Credibility of Witnesses].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website, or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything

1    about this case, you must respond that you have been ordered not to

2    discuss the matter.  In addition, you must report the contact to the

3    court.

4         Because you will receive all the evidence and legal instruction

5    you properly may consider to return a verdict: do not read, watch,

6    or listen to any news or media accounts or commentary about the case

7    or anything to do with it; do not do any research, such as

8    consulting dictionaries, searching the Internet, or using other

9    reference materials; and do not make any investigation or in any

10   other way try to learn about the case on your own.  Do not visit or

11   view any place discussed in this case, and do not use the Internet

12   or any other resource to search for or view any place discussed

13   during the trial.  Also, do not do any research about this case, the

14   law, or the people involved -- including the parties, the witnesses,

15   or the lawyers -- until you have been excused as jurors.  If you

16   happen to read or hear anything touching on this case in the media,

17   turn away and report it to me as soon as possible.

18        These rules protect each party's right to have this case

19   decided only on evidence that has been presented here in court.

20   Witnesses here in court take an oath to tell the truth, and the

21   accuracy of their testimony is tested through the trial process.  If

22   you do any research or investigation outside the courtroom, or gain

23   any information through improper communications, then your verdict

24   may be influenced by inaccurate, incomplete, or misleading

25   information that has not been tested by the trial process.  Each of

26   the parties is entitled to a fair trial by an impartial jury, and if

27   you decide the case based on information not presented in court, you

28

will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.) [Conduct of the Jury].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 9

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.) [No Transcript Available to Jury].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) [Taking Notes].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence, and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.) [Outline of Trial].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) [Bench Conferences and Recesses].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 13

<u>At the End of Each Day of the Case</u>:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

<u>At the Beginning of Each Day of the Case</u>:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.


Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) [Cautionary Instructions].

16

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 14

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.) [Stipulations of Fact].

1            COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 15

3        You are about to watch a recording that has been received in

4    evidence.  Please listen to it very carefully.  As the recording

5    plays, a transcript of the recording to help you identify speakers

6    and as a guide to help you listen to the recording will be shown on

7    the screen.  However, bear in mind that the recording is the

8    evidence, not the transcript.  If you hear something different from

9    what appears in the transcript, what you hear is controlling.

25   Ninth Circuit Model Criminal Jury Instructions, No. 2.6 (2022 ed.)

26   [Transcript of Recording in English] (Modified to reflect how

27   transcript will be displayed).

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

[IF APPLICABLE]

You are about to hear evidence that _____.  I instruct you that this evidence is admitted only for the limited purpose of _____, and therefore, you must consider it only for that limited purpose and not for any other purpose.

Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (2022 ed.) [Evidence for Limited Purpose].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) [Duties of Jury to Find Facts and Follow Law].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

The Indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove his innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) [Charge Against Defendant Not Evidence –– Presumption of Innocence –– Burden of Proof].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

[IF THE DEFENDANT DOES NOT TESTIFY]

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

[IF THE DEFENDANT TESTIFIES]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3, 6.4 (2022 ed.) [Defendant's Decision Not To Testify / To Testify].

1              COURT'S INSTRUCTION NO. _____

2           JOINT PROPOSED INSTRUCTION NO. 20

3     Proof beyond a reasonable doubt is proof that leaves you firmly

4 convinced the defendant is guilty.  It is not required that the

5 government prove guilt beyond all possible doubt.

6     A reasonable doubt is a doubt based upon reason and common

7 sense and is not based purely on speculation.  It may arise from a

8 careful and impartial consideration of all the evidence, or from

9 lack of evidence.

10     If after a careful and impartial consideration of all the

11 evidence, you are not convinced beyond a reasonable doubt that the

12 defendant is guilty, it is your duty to find the defendant not

13 guilty.  On the other hand, if after a careful and impartial

14 consideration of all the evidence, you are convinced beyond a

15 reasonable doubt that the defendant is guilty, it is your duty to

16 find the defendant guilty.

26 Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.)

27 [Reasonable Doubt -- Defined].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

The evidence you are to consider in deciding what the facts are consists of:

1.    The sworn testimony of any witness;

2.    The exhibits received in evidence; and

3.    Any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) [What Is Evidence].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are <u>not</u> evidence, and you may <u>not</u> consider them in deciding what the facts are:

1.   Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.   Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [IF APPLICABLE: In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.   Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) [What Is Not Evidence].

25

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Ninth Circuit Model Criminal Jury Instructions, No. 6.8 and comment (2022 ed.) [Direct and Circumstantial Evidence].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    The opportunity and ability of the witness to see or hear or know the things testified to;

2.    The witness's memory;

3.    The witness's manner while testifying;

4.    The witness's interest in the outcome of the case, if any;

5.    The witness's bias or prejudice, if any;

6.    Whether other evidence contradicted the witness's testimony;

7.    The reasonableness of the witness's testimony in light of all the evidence; and

8.    Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not

to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) [Credibility of Witnesses].

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

[IF APPLICABLE]

You are here only to determine whether the defendant is guilty or not guilty of the charge in the Indictment.  The defendant is not on trial for any conduct or offense not charged in the Indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) [Activities Not Charged].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

The Indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) [On or About -- Defined].

30

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 27

[IF APPLICABLE]

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) [Statements by Defendant].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 28

You have heard testimony from Roger Clark and Lorenzo Glenn who testified about their opinions and the reasons for those opinions. Their opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.  Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) [Opinion Evidence, Expert Witness].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 29

[IF APPLICABLE]

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.)

[Charts and Summaries Not Admitted into Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

[IF APPLICABLE]

Certain charts and summaries have been admitted into evidence. Chars and summaries are only as good as the underlying material. You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 3.17 (2022 ed.) [Charts and Summaries Not Admitted into Evidence]

1                       COURT'S INSTRUCTION NO. _____

2               JOINT PROPOSED INSTRUCTION NO. 31

3      The defendant is charged in the Indictment with Deprivation of

4 Rights Under Color of Law, in violation of Title 18, United States

5 Code, Section 242.  For the defendant to be found guilty of the

6 charge, the government must prove each of the following elements

7 beyond a reasonable doubt:

8      1.   J.H. was in the State of California;

9      2.   Defendant there deprived J.H. of a right which is secured

10       or protected by the Constitution or laws of the United States--

11       in this case, J.H.'s right to be free from the use of

12       unreasonable or excessive force;

13      3.   Defendant acted under the color of law when depriving J.H.

14       of a constitutional right; and

15      4.   Defendant acted willfully to deprive J.H. of such right.

16      The United States Constitution and the laws of the United

17 States secure and protect all people from unreasonable or

18 unnecessary force from a law enforcement officer.  Unreasonable

19 force during arrest, detention, investigatory stop, or other seizure

20 of a person by law enforcement--that is, force that is excessive--is

21 an unreasonable seizure that violates the Fourth Amendment.

22      The reasonableness of a particular use of force is an objective

23 standard that turns on the facts of each case.  The use of force

24 must be judged from the perspective of a reasonable officer on the

25 scene, rather than with the 20/20 vision of hindsight.

26      In making your determination whether any force used by the

27 defendant was objectively unreasonable, you may consider the

28

severity of the crime, if any; the extent, if any, to which J.H. posed a threat to the safety of the defendant or to any other person; the extent, if any, to which J.H. was physically resisting arrest or attempting to flee at the time force was used; the extent of the injury suffered, if any, by J.H.; and the effort made, if any, by the defendant to temper or limit the amount of force.  These factors are not exclusive.

To determine whether the force was objectively unreasonable, you should consider all of the facts and circumstances of the particular case.  How much force the officer is entitled to use depends upon how much force or resistance he encounters.  The amount of force the officer may use is the amount that is reasonable to deal with the resistance or attack that he faces.  [This analysis is not static, an officer must reassess use of force in an evolving situation as the circumstances change.  Force used to retaliate or punish that has no legitimate law enforcement purpose constitutes unreasonable or excessive force.][1]

A person acts under "color of law" when he acts in his official capacity or purports or claims to act in his official capacity. Acts committed under color of law includes the abuse or misuse of the power possessed by the defendant by virtue of his office or official position.

---

[1] The parties submit that these two ideas/topics, or something to their effect, may be necessary following the close of evidence. Based on the presentation of evidence, it may be necessary for the jury to know and be instructed on these topics.  Subject to the presentation of evidence, the parties will provide additional authority and argument to the Court.

1      To act willfully means to act voluntarily and intentionally,

2   with a specific intent to violate a specific protected right, that

3   is, the specific intent to use more force than is necessary under

4   the circumstances.  However, the defendant does not have to know or

5   recognize that his acts are illegal or unconstitutional.  The

6   government is not required to prove that the defendant knew the

7   right to be free of excessive or unreasonable force was secured by

8   the Constitution and laws of the United States.

9      Reckless disregard of a person's established constitutional

10  rights is evidence of a specific intent to deprive that person of

11  those rights.  It is not necessary for the defendant to have been

12  thinking in constitutional or legal terms at the time of the

13  incident, because a reckless disregard for a person's constitutional

14  rights is evidence of a specific intent to deprive that person of

15  those rights.

16

17

18

19  18 U.S.C. § 242; 2 O'Malley, Grengig & Lee, Federal Jury Practice

20  and Instructions §§ 29:03, 29:04 (6th ed. Updated Aug. 2022)

21  (modified); 7th Cir. Pattern Crim. Inst. 18 U.S.C. § 242 (2023)

22  [Color of Law]; Graham v. Connor, 490 U.S. 386, 388, 395 n.10 (1989)

23  (arrestee's right to be free from excessive force analyzed under the

24  Fourth Amendment's "objective reasonableness" standard; "It is clear

25  . . . that the Due Process Clause protects a pretrial detainee from

26  the use of excessive force that amounts to punishment."); United

27  States v. Reese, 2 F.3d 870, 884 (9th Cir. 1993) (confirming that

28

the Fourth Amendment right to be free from unreasonable force as set forth in Graham defines substantive right for arrestees for violations of 18 U.S.C. § 242); Est. of Strickland v. Nevada Cnty., 69 F.4th 614, 620 (9th Cir. 2023); United States v. Schatzle, 901 F.2d 252, 255 (2d Cir. 1990); see also Reese, 2 F.3d at 885 ("To 'act willfully in the sense in which we use the word is to act in open defiance or reckless disregard of a constitutional requirement that has been made specific and definite." (quoting Screws v. United States, 325 U.S. 91, 105 (1945)); Reese v. County of Sacramento, 888 F.3d 1030, 1045 (9th Cir. 2018) ("[I]t is not necessary for the defendants to have been thinking in constitutional or legal terms at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights")(internal quotation marks omitted); United States v. Johnstone, 107 F.3d 200, 208 (3d Cir. 1997) ("[W]illlfulness includes reckless disregard."); Hyde v. Cty. of Willcox, 23 F.4th 863, 873 (9th Cir. 2022) ("Our cases also make it clear that the officers must reassess use of force in an evolving situation as the circumstances change."); United States v. Olivas, ED CR 18-231-JGB (Dkt. 262, Instr. 20) (defining "under color of law" to be when a defendant "acts in his official capacity or purports or claims to act in his official capacity. Action under color of law includes the abuse or misuse of the power possessed by the defendant by virtue of his office or official position"); United States v. Gonzalez, et al., CR 13-574-DSF (DKT. 256, Instr. 15) (describing second element as "The defendant deprived [the victim] of a right which is secured or protected by the Constitution and the

38

1  laws of the United States--in this case, his right to be free from

2  the use of unreasonable force"); United States v. Brunsting, et al.,

3  CR 13-573-GW (DKT. 120 at PageID 794) ("The Defendant deprived [the

4  victim] of a right which is secured or protected by the Constitution

5  and the laws of the United States--in this case, his right as a

6  pretrial detainee to be free from the use of excessive and

7  unreasonable force amounting to punishment."); United States v.

8  Jensen, et al., CR 17-674-PSG (DKT. 199, Instr. 16) ("Force used to

9  retaliate or punish that has no legitimate law enforcement purpose

10 constitutes unreasonable or excessive force."); Kisela v. Hughes,

11 138 S.Ct. 1148, 1152 (2018) (explaining that in Graham, the Court

12 "held that the question whether an officer has used excessive force

13 requires careful attention to the facts and circumstances of each

14 particular case, including the severity of the crime at issue,

15 whether the suspect poses an immediate threat to the safety of the

16 officers or others, and whether he is actively resisting arrest or

17 attempting to evade arrest by flight"); Crawford v. City of

18 Bakersfield, 944 F.3d 1070, 1077-79 (9th Cir. 2019) (holding Graham

19 factors "are not exclusive"); United States v. Brunsting, et al., CR

20 13-573-GW (DKT. 120 at PageID 794) ("You may consider all of the

21 circumstances of the particular case, which may include, but are not

22 limited to: (1) the relationship between the need for the use of

23 force and the amount of force used; (2) the extent of the injury

24 suffered; (3) any effort made by the officer to temper or limit the

25 amount of force; (4) the severity of the security problem at issue;

26 (5) the threat reasonably perceived by the officer; and (6) whether

27 [the victim] was actively resisting.").

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 32

If you find the defendant guilty of Deprivation of Rights Under Color of Law, you must then determine whether the government proved beyond a reasonable doubt that (1) J.H. suffered bodily injury as a result of the defendant's acts, or (2) the defendant's acts included the use of a dangerous weapon.  The government does not have to prove both of these.  Proof beyond a reasonable doubt on either is enough, but you must all agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that J.H. suffered bodily injury as a result of the defendant's acts; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant's acts included the use of a dangerous weapon; or, all of you must agree that the government proved beyond a reasonable doubt that both occurred.

The term "bodily injury" includes any of the following: a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; or any other injury to the body, no matter how temporary.  The government need not prove that the defendant intended to cause bodily injury.  The government must prove that J.H.'s bodily injury was a result of the defendant's willful deprivation of J.H.'s constitutional rights.

A dangerous weapon is something that is capable of causing death or serious bodily injury, including extreme physical pain.  In this case, you must decide whether Oleoresin capsicum or pepper spray is a dangerous weapon.

40

You will see on the verdict form a question concerning this issue.  You should consider that question only if you have found that the government has proven the defendant guilty as charged in the Indictment.  If you find that the government has proven beyond a reasonable doubt that either J.H. suffered bodily injury as a result of the defendant's acts, or that the defendant's acts included the use of a dangerous weapon, or both, then you should answer that question "Yes."  If you find that the government has not proven beyond a reasonable doubt that J.H. suffered bodily injury as a result of the defendant's acts, and has not proven that the defendant's acts included the use of a dangerous weapon, then you should answer that question "No."

18 U.S.C. § 242; 5th Circuit Criminal Jury Instructions § 1.27 (Unanimity); 7th Circuit Pattern Instruction 18 U.S.C. § 242 (bodily

injury); <u>United States v. Gonzalez</u>, No. CR 13-574-GHK (C.D. Cal.) (Dkt. No. 256, Instr. 23) (district court gave same instruction regarding the term "bodily injury"); Ninth Circuit Model Criminal Jury Instructions, No. 8.5 (2022 ed.) [Assault with a Dangerous Weapon (18 U.S.C. § 113(a)(3)] (definition of a dangerous weapon); <u>United States v. Brunsting, et. al.</u>, CR 13-573(A)-GW (C.D. Cal 2016) (Dkt. No. 120 at Page ID 798) (same definition of "bodily injury"); <u>United States v. Smith</u>, 561 F.3d 934, (9th Cir. 2009) (assessing dangerous weapon for an "assault with a dangerous weapon, with intent to do bodily harm" charge in violation of 18 U.S.C. § 113(a)(3), and relying on "serious bodily injury" in 18 U.S.C. § 113(b)(2) to hold it "is any harm that involves '(A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty'"); <u>United States v. Jensen, et al.</u>, CR 17-674-PSG (DKT. 199, Instr. 18) ("The government need not prove that defendant . . . intended to cause bodily injury. The government must prove that the [victim's] bodily injury was a result of [defendant's] willful deprivation of the individual's constitutional rights."); <u>United States v. Bailey</u>, 405 F.3d 102, 111 (1st Cir. 2005) ("A felony conviction under 18 U.S.C. § 242 requires proof that the defendant 'willfully subject[ed][a] person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, . . . if bodily injury results [from such deprivation].'" (quoting 18 U.S.C. § 242)).

1      COURT'S INSTRUCTION NO. _____

2     JOINT PROPOSED INSTRUCTION NO. 33

3      In reaching your verdict, you are not to consider or try to

4  determine whether the defendant had "reasonable suspicion" or

5  "probable cause" for any investigatory stop, detention, arrest, or

6  seizure of J.H. and D.B.  Your duty is to decide whether the

7  defendant committed the crime charged in the Indictment.

[Parties' agreement based on the facts of this case.]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 34

[IF APPLICABLE]

You have heard evidence of a related civil lawsuit against the defendant for his alleged actions on June 24, 2023, at the WinCo Foods grocery store.  That a civil lawsuit was filed, its status, and any possible outcome, whether for or against the defendant, should not affect your decision in this case.  Your duty is to decide whether the defendant committed the crime charged in the Indictment.

[Parties agreement based on the facts of this case.]

44

1                          COURT'S INSTRUCTION NO. _____

2                      JOINT PROPOSED INSTRUCTION NO. 35

3          When you begin your deliberations, elect one member of the jury

4    as your foreperson who will preside over the deliberations and speak

5    for you here in court.

6          You will then discuss the case with your fellow jurors to reach

7    agreement if you can do so.  Your verdict, whether guilty or not

8    guilty, must be unanimous.

9          Each of you must decide the case for yourself, but you should

10   do so only after you have considered all the evidence, discussed it

11   fully with the other jurors, and listened to the views of your

12   fellow jurors.

13         Do not be afraid to change your opinion if the discussion

14   persuades you that you should.  But do not come to a decision simply

15   because other jurors think it is right.

16         It is important that you attempt to reach a unanimous verdict

17   but, of course, only if each of you can do so after having made your

18   own conscientious decision.  Do not change an honest belief about

19   the weight and effect of the evidence simply to reach a verdict.

20         Perform these duties fairly and impartially.  Do not allow

21   personal likes or dislikes, sympathy, prejudice, fear, or public

22   opinion to influence you.  You should also not be influenced by any

23   person's race, color, religious beliefs, national ancestry, sexual

24   orientation, gender identity, gender, or economic circumstances.

25   Also, do not allow yourself to be influenced by personal likes or

26   dislikes, sympathy, prejudice, fear, public opinion, or biases,

27   including unconscious biases.  Unconscious biases are stereotypes,

28

attitudes, or preferences that people may consciously reject but may
be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to
deliberate with one another with a view towards reaching an
agreement if you can do so.  During your deliberations, you should
not hesitate to reexamine your own views and change your opinion if
you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.)
[Duty to Deliberate].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 36

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an

47

opportunity to address.  A juror who violates these restrictions

jeopardizes the fairness of these proceedings, and a mistrial could

result that would require the entire trial process to start over.

If any juror is exposed to any outside information, please notify

the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.)

[Consideration of Evidence -- Conduct of the Jury].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 37

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) [Use of Notes].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 38

The punishment provided by law for this crime is for the court
to decide.  You may not consider punishment in deciding whether the
government has proved its case against the defendant beyond a
reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.)
[Jury Consideration of Punishment].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 39

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the Verdict Form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Instruction 6.23 (2022 ed.) [Verdict Form]

1          COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 40

3      If it becomes necessary during your deliberations to

4  communicate with me, you may send a note through the clerk, signed

5  by any one or more of you.  No member of the jury should ever

6  attempt to communicate with me except by a signed writing, and I

7  will respond to the jury concerning the case only in writing or here

8  in open court.  If you send out a question, I will consult with the

9  lawyers before answering it, which may take some time.  You may

10 continue your deliberations while waiting for the answer to any

11 question.  Remember that you are not to tell anyone -- including me

12 -- how the jury stands, numerically or otherwise, on any question

13 submitted to you, including the question of the guilt of the

14 defendant, until after you have reached a unanimous verdict or have

15 been discharged.

16

17

18

19

20

21

22

23

24

25

26 Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.)

27 [Communication with Court]

28