```
 1  BILAL A. ESSAYLI
    United States Attorney
 2  ROBERT J. KEENAN (Bar No. 151094)
    Assistant United States Attorney
 3    UNITED STATES ATTORNEY'S OFFICE
      411 w. Fourth Street
 4    Suite 8000
      Santa Ana, California  92701
 5    Telephone: (714) 338-3597
      Facsimile: (714) 338-3708
 6    E-Mail:    rob.keenan@usdoj.gov
 7  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
 8
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:24-CR-00527-SVW |
|---|---|
| Plaintiff, | POST-TRIAL AGREEMENT RE. PLEA AND SENTENCING FOR DEFENDANT TREVOR JAMES KIRK |
| v. | |
| TREVOR JAMES KIRK, | [18 U.S.C. § 242] |
| Defendant. | |

1.  This constitutes the Agreement between Trevor James Kirk ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This Agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

**RULE 11(c)(1)(C) AGREEMENT**

2.  Defendant understands that this Agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that

it will not accept this Agreement (including the order granting the USAO's motion under Paragraph 4(c) to strike Question Two of the previously-filed verdict (Dkt. #51 at 2)), absent a breach of this Agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this Agreement, this Agreement will, with the exception of Paragraph 25 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this Agreement.  In that situation, the defendant can withdraw from this Agreement and withdraw his guilty plea, and the government cannot use at any proceeding in this case (including on appeal) any statements he made in this Agreement or before the Court when pleading guilty.  If, however, defendant breaches this Agreement prior to the Court's determination whether or not to accept this Agreement, defendant agrees that the breach provisions of this Agreement, specifically Paragraphs 27 and 28 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this Agreement, the USAO will be relieved of all of its obligations under this Agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this Agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

**DEFENDANT'S OBLIGATIONS**

3. Defendant agrees to:

    a. Withdraw his plea of not guilty and admit that, as the USAO proved at trial and the jury found, he is in fact guilty of the lesser-included misdemeanor violation of Deprivation of Rights Under

1 Color of Law, in violation of 18 U.S.C. § 242, which is included in
2 the Indictment.

      b.    Not contest facts agreed to in this Agreement.

      c.    Abide by all agreements regarding sentencing contained in this Agreement and affirmatively recommend to the Court that it impose sentence in accordance with Paragraph 17 of this Agreement.

      d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this Agreement.

      f.    Be truthful at all times with the Court and the United States Probation and Pretrial Services Office ("United States Probation Office").

      g.    Pay the $25 mandatory special assessment within 60 days of defendant's entry of a guilty plea under this Agreement, by issuing payment in the form of certified check, business check, or money order (no personal checks) made payable to "Clerk, U.S. District Court," and identify the case name and number on the "memo" line. All payments shall be delivered to:

          United States District Court
          Fiscal Department
          255 East Temple Street
          Room 1178
          Los Angeles, CA 90012

      h.    Agree that payment of all criminal debt (e.g., restitution, fines, penalties, special assessments) shall be made by

3

issuing payment in the form of certified check, business check, or money order (no personal checks) made payable to "Clerk, U.S. District Court," and identify the case name and number on the "memo" line. All payments shall be delivered to:

> United States District Court
> Fiscal Department
> 255 East Temple Street
> Room 1178
> Los Angeles, CA 90012

i. Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately. In the event the Court imposes a schedule of payment, defendant agrees that such schedule represents a minimum payment obligation, applies only during the period of supervision, and does not preclude the United States from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

**USAO'S OBLIGATIONS**

4. The USAO agrees to:

a. Not contest facts agreed to in this Agreement.

b. Abide by all agreements regarding sentencing contained in this Agreement and affirmatively recommend to the Court that it impose sentence in accordance with Paragraph 17 of this Agreement.

c. Following defendant's entry of a guilty plea pursuant to this Agreement and in advance of sentencing, move to strike the jury's finding as to Question Two on the Verdict Form, that is, the felony finding (see Dkt. #51 at 2). The parties agree, however, that at the time of sentencing, the Court may consider the stricken jury

finding in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

## NATURE OF THE OFFENSE

5. Defendant understands that for defendant to be guilty of the crime charged in the Indictment, that is, a misdemeanor lesser-included violation of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, the following must be true:

    a.    Defendant deprived the person named in the Indictment (i.e., "J.H.") of a right secured by the Constitution or laws of the United States, that is, J.H.'s right to be free from unreasonable or unnecessary force from a law enforcement officer;

    b.    Defendant acted willfully, specifically intending to deprive J.H. of that right;

    c.    Defendant acted under color of law; and

    d.    J.H. was in the State of California at the time of the offense.

## PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for a misdemeanor, lesser-included violation of 18 U.S.C. § 242 is as follows: a one-year term of imprisonment; a one-year period of supervised release or a five-year period of probation; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

7.   Defendant agrees to make full restitution to the victim of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this Agreement, the Court may order restitution to persons other than the victim of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any charges not prosecuted pursuant to this Agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.   Defendant understands that probation is a period of time during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of probation at any time prior to the

expiration or termination of the term of probation, the Court may continue defendant on probation, with or without extending the term or modifying or expanding the terms and conditions, or revoke the sentence of probation and resentence defendant to any sentence up to the statutory maximum for the offense of conviction.

10. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11. Defendant understands that, if defendant is not a United States citizen, the conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

12. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this Agreement and to establish the Sentencing Guidelines factors set forth in Paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct. The parties agree that the facts in the

1 trial record are incorporated herein and adequate to support the
2 factual basis for this Agreement.
3     (a) On Saturday, June 24, 2023, defendant was a
4 sworn law enforcement officer on duty with the Los
5 Angeles County Sheriff Department. Defendant and
6 another LASD deputy ("Deputy A") responded to a call
7 for service at a WinCo Foods grocery store in
8 Lancaster shortly after 12:00 p.m. The LASD dispatch
9 said there was a "211 now," referring to the
10 California Penal Code section for robbery, and
11 provided a description of two suspects matching
12 witness D.B.'s and victim J.H.'s description.
13 According to witnesses and surveillance video, J.H.
14 was hostile to workers of the WinCo Foods grocery
15 store and allegedly spit in the face of one of the
16 workers.
17     (b) Deputy A located D.B. and J.H. in a car in
18 the WinCo parking lot. Defendant and Deputy A
19 eventually took defendant D.B. into custody. As D.B.
20 was being taken into custody, J.H. exited a car and
21 filmed D.B.'s detention. J.H. visibly held out her
22 phone and told defendant and Deputy A that her video
23 of them was being broadcast on social media,
24 specifically YouTube Live. Defendant approached J.H.,
25 a 58-year-old woman, and without giving any verbal
26 commands to J.H., attempted to grab J.H.'s left hand
27 holding the phone. J.H. swatted at defendant with her
28

8

1    right hand and resisted his attempts to detain her.
2    Defendant then grabbed J.H. by her wrist, hooked his
3    left hand behind her neck, and planted his feet wider
4    than shoulder width apart before intentionally and
5    forcefully throwing J.H. to the ground. Once J.H. was
6    on the ground, defendant continued to yell at her to
7    get on the ground. J.H. continued to resist.
8    Defendant then placed his knee on her and pepper
9    stayed her twice.
10        (c)  Defendant used unnecessary force to detain
11   J.H. while acting under color of law. Defendant acted
12   willfully when using unnecessary force.

### DEFENDANT'S ADMISSIONS REGARDING SENTENCING

14   13.  Defendant is aware that the United States Probation Office
15  has prepared a Pre-Sentence Investigation Report ("PSR") that sets
16  forth facts regarding, among other things, defendant's offense
17  conduct. (See Dkt. #72.) Defendant has objected to certain aspects
18  of the PSR. Defendant hereby admits to the facts set forth in the
19  above stated "Factual Basis" and agrees to withdraw any of his
20  objections that are inconsistent with this Factual Basis. The
21  parties agree to request that a Revised PSR be prepared, pursuant to
22  this Agreement, to the extent the Court accepts it.

### SENTENCING FACTORS

24   14.  Defendant understands that in determining defendant's
25  sentence the Court is required to calculate the applicable Sentencing
26  Guidelines range and to consider that range, possible departures
27  under the Sentencing Guidelines, and the other sentencing factors set

28                                    9

forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only.

15. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 10 | USSG § 2H1.1(a)(3) |
| Offense Under Color of Law: | +6 | USSG § 2H1.1(b)(1)(B) |
| Acceptance of Responsibility: | -3 | USSG §§ 3E1.1(a), (b) |
| Total Offense Level: | 13 | |
| Criminal History Category: | I | |
| Guideline Range: | 12-18 months' imprisonment | |
| | $5,500-$55,000 fine | |

16. The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

17. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which the parties stipulate is applicable to the this Agreement, defendant and the USAO agree that the following sentence constitutes a fair and reasonable disposition of this case given defendant's obligations and admissions herein, and both parties hereby stipulate to imposition of such a sentence if the Court accepts this Agreement: (1) a one-year term of probation including the following conditions: (a) defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04; (b) defendant shall not commit any violation of local, state, or federal law or ordinance, (c) during the period of probation, defendant shall pay any criminal debt in accordance with the judgment's order pertaining

10

to such payment; and (d) defendant shall cooperate in the collection of a DNA sample from the defendant; (2) a fine as determined by the Court, but no greater than $5,500; (3) a special assessment of $25; and (4) restitution, if any, to be determined by the Court. The parties agree that restitution, if any, is to be paid pursuant to a schedule to be fixed by the Court.

## WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights with respect to the lesser-included offense to which he is agreeing to plead guilty:

    a. The right to persist in a plea of not guilty.

    b. The right to be represented by counsel ⎯ and if necessary have the Court appoint counsel ⎯ at a trial. Defendant understands, however, that, defendant retains the right to be represented by counsel ⎯ and, if necessary, have the Court appoint counsel ⎯ at every other stage of the proceeding.

    c. The right to be presumed innocent and to have the burden of proof placed on the United States to prove defendant guilty beyond a reasonable doubt.

## WAIVER OF APPEAL OF CONVICTION AS TO LESSER-INCLUDED OFFENSE

19. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty under this Agreement defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver

includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK WITH RESPECT TO LESSER-INCLUDED OFFENSE

20. Defendant agrees that, provided the Court imposes the sentence specified in Paragraph 17 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

21. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

22. The USAO agrees that, provided the Court imposes the sentence specified in Paragraph 17 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

**WAIVER OF POST-TRIAL RIGHTS WITH RESPECT TO FELONY CONVICTION**

23. Defendant understands that, by entering into this Agreement, he is giving up the following post-trial rights with respect to the felony guilty verdict, which he hereby waives without any reservation or qualification <u>provided</u> that the Court accepts this Agreement and sentences him in accordance with it:

    a. The right, to the extent not already waived, to file motions for a new trial in this case and to vacate the verdict of guilty that has been entered against him.

    b. The right to appeal his conviction and sentence, which would allow him to raise objections to, for example, the fairness of the trial, the propriety of adverse evidentiary rulings, and whether the verdict against him is supported by sufficient evidence.

    c. The right to the assistance of counsel on direct appeal of his conviction and sentence, including, if defendant could not afford an attorney, the right to have the Court appoint one for defendant; and

    d. Apart from any appeal, the right to file a separate civil case to collaterally attack his conviction and sentence.

**RESULT OF VACATUR, REVERSAL OR SET-ASIDE**

24. Defendant agrees that if the count of conviction on the lesser-included offense to which he is pleading guilty is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this Agreement.

**RESULT OF WITHDRAWAL OF GUILTY PLEA**

25. Defendant agrees that if, after entering a guilty plea pursuant to this Agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this Agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this Agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this Agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this Agreement.

**EFFECTIVE DATE OF AGREEMENT**

26. This Agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an attorney representing the United States of America.

**BREACH OF AGREEMENT**

27. Defendant agrees that if defendant, at any time after the Effective Date of this Agreement, knowingly violates or fails to perform any of defendant's obligations under this Agreement ("a breach"), the USAO may declare this Agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the

14

express agreement of the USAO in writing. If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this Agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this Agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

28. Following the Court's finding of a knowing breach of this Agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this Agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this Agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this Agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under

15

the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

**COURT AND UNITED STATES PROBATION OFFICE ARE NOT PARTIES**

29. Defendant understands that the Court and the United States Probation Office are not parties to this Agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this Agreement.

30. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in Paragraphs 15 and 17 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed

as inconsistent with the facts agreed to in this Agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this Agreement.

**NO ADDITIONAL AGREEMENTS**

31. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

**PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

32. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED:

UNITED STATES ATTORNEY'S OFFICE FOR
THE CENTRAL DISTRICT OF CALIFORNIA

BILAL A. ESSAYLI
United States Attorney

_[signature]_        May 1, 2025
ROBERT J. KEENAN        Date
Assistant United States Attorney
Attorneys for Plaintiff

_[signature — Signed by]_        5/1/2025
TREVOR JAMES KIRK        Date
Defendant

/s/ Tom Yu        05/01/2025
TOM YU        Date
EDWARD M. ROBINSON
BRIAN A. ROBINSON
Attorneys for Defendant

17

**CERTIFICATION OF DEFENDANT**

I have read this Agreement in its entirety. I have had enough time to review and consider this Agreement, and I have carefully and thoroughly discussed every part of it with my attorney.

I understand the terms of this Agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.

No promises, inducements, or representations of any kind have been made to me other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this Agreement, and not for any other reason.

Signed by: [signature]
94F3312?8EFC4F1...
TREVOR JAMES KIRK
Defendant

5/1/2025
Date

**CERTIFICATION OF DEFENDANT'S ATTORNEY**

I am Trevor James Kirk's attorney. I have carefully and thoroughly discussed every part of this Agreement with my client.

I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.

To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this Agreement; no one has threatened or forced my client in any way to enter into this Agreement; my client's decision to enter into this Agreement is an informed and voluntary one; and the factual basis set forth in this Agreement is sufficient to support my client's entry of a guilty plea pursuant to this Agreement.

| /s/ Tom Yu | 05/01/2025 |
|---|---|
| TOM YU<br>EDWARD M. ROBINSON<br>BRIAN A. ROBINSON<br>Attorneys for Defendant<br>TREVOR JAMES KIRK | Date |