BILAL A. ESSAYLI
United States Attorney
ROBERT J. KEENAN (Bar No. 151094)
Assistant United States Attorney
 UNITED STATES ATTORNEY'S OFFICE
  411 W. Fourth Street
  Suite 8000
  Santa Ana, California 92701
  Telephone: (714) 338-3597
  Facsimile: (714) 338-3708
  E-Mail:    rob.keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:24-00527-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO ORDER OF MAY 6, 2025 (Dkt. 90) |
| v. | |
| TREVOR JAMES KIRK, | |
| Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

On May 6, 2025, the Court ordered the Government to submit authorities for the Court to grant the parties' motion to strike the jury's finding as to Question Two on the Verdict Form regarding injury or use of a dangerous weapon. As explained below, the Government relies on Fed. R. Crim. P. 48(a) as the basis for the requested order to strike the special felony allegations from the Indictment and the Verdict's related special findings.

Subject to the terms of the Post-Trial Agreement, and for the purpose of effectuating its terms, the Government hereby moves conditionally to strike the special felony allegations from the Indictment, namely, the alleged use of a "dangerous weapon" and resulting "bodily injury," and to strike the verdict's related special finding, which is irrelevant to the remaining misdemeanor charge. (See CR 82 at 4-5.)

Under Rule 48(a), the Government may file a dismissal of an indictment, information, or complaint "by leave of court." Fed. R. Crim. P. 48(a). The law is settled that the power to move for dismissal of an entire indictment includes the lesser power to dismiss individual counts of an indictment. See United States v. Garcia-Valenzuela, 232 F.3d 1003, 1007 (9th Cir. 2000) (reversing district court's denial of Government motion to dismiss four of five counts even though defense counsel concurred with the motion); In re. United States, 345 F.3d 450 (7th Cir. 2003) (granting mandamus petition and directing the district court to grant the Government's motion to dismiss two of three counts, including one under § 242, against a police officer in an excessive-force case as part of a plea agreement that lowered defendant's exposure under the Sentencing

Guidelines).  Based on the same reasoning, Rule 48(a) also includes the still-lesser power to strike special allegations and findings that convert a misdemeanor into a felony.

Although dismissal and the lesser forms of relief requested herein require "leave of court," the Ninth Circuit has "emphasized that 'the district court's discretion to deny leave is limited.'" Garcia-Valenzuela, 232 F.3d at 1007.  In Garcia-Valenzuela, the district court denied a Government motion to dismiss four of five counts even though defense counsel joined the motion, and the defendant thereafter pleaded guilty to two counts and appealed the denial of the Government's motion.  Id. at 1004-05.  In reversing the district court's decision, the Circuit said the following:

> The government often charges multiple counts in its indictment, only to add or subtract counts during the course of the prosecution. When the government moves to dismiss counts in an indictment, the district court has limited discretion to deny the motion.  The limitation on its discretion is based on separation of powers.  "[U]nder our system of separation of powers, the decision whether to prosecute, and the decision as to the charge to be filed, rests in the discretion of the Attorney General or his delegates, the United States Attorneys."
> .... Because "[t]he decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate," .... a district court is limited in its ability to second-guess the government's decisions on whether and what to prosecute.

Id. at 1005, 1007 (cleaned up).

"Although the standards for when a district judge may deny leave under Rule 48(a) have not been fully articulated, the Supreme Court has found that the principal purpose of the leave-of-court requirement is 'to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the

2

Government moves to dismiss an indictment over the defendant's objection.'" Id. at 1008 (citing Rinaldi v. United States, 434 U.S. 22, 29 n.15 (1977)). Thus, where, as here, a defendant does not object to the Government's motion to dismiss, "it is not clear that the district court has any discretion to deny the government's motion." Id. at 1008 ("The only standard that [the Circuit has] recognized as possibly being appropriate to such cases is 'whether the motion was clearly contrary to manifest public interest.'").

In this case, the Court should strike the special allegations from the indictment and the verdict's related finding. Defendant concurs with the Government's motion. The indictment was not brought for the purpose of harassment. Nor did the Government pursue the case through trial for any improper purpose. The Government attempted to resolve this case as a misdemeanor before trial, but the defendant needed a third-party (i.e., the jury) to get him to reconsider his conduct in a new light. Consistent with its pre-trial assessment of the case, the Government believes, in its exercise of prosecutorial discretion, that a misdemeanor disposition on the terms of the parties' stipulated sentence is fair and just.

Moreover, the Government objects to any "manifest public interest" limitation of the type that Garcia-Valenzuela suggests could "possibly" exist under Rule 48(a). Garcia-Valenzuela, 232 F.3d at 1008. In In re. United States, 345 F.3d 450, 453-54 (7th Cir. 2003), the Seventh Circuit rejected a public-interest exception to Rule 48 on separation-of-powers grounds, holding that a court may not "properly refuse to dismiss a prosecution merely because [the court] was convinced that the prosecutor was acting … contrary to the public interest." Judge Posner explained the ruling as follows:

3

> The Constitution does place judicially enforceable limits on the powers of the nonjudicial branches of the government —— for example, the government may not make its prosecutorial decisions on racially discriminatory grounds —— but they are the limits found in the Constitution and thus do not include "bad faith" and "against the public interest." . . . .
>
> Paradoxically, the plenary prosecutorial power of the executive branch safeguards liberty, for, in conjunction with the plenary legislative power of Congress, it assures that no one can be convicted of a crime without the concurrence of all three branches [(excepting cases for criminal contempt)]. When a judge assumes the power to prosecute, the number shrinks to two.

Id. at 453-54; see also United States v. Fokker Services B.V., 818 F.3d 733, 737-38 (D.C. Cir. 2016) (based on separation of powers, granting writ of mandamus that directed the district court to grant the parties' joint motion to toll the Speedy Trial Act in accordance with the terms of a deferred prosecution agreement); In re Vasquez-Ramirez, 443 F.3d 692, 701 (9th Cir. 2006) (based on separation of powers, granting mandamus to compel district court to accept defendant's unconditional guilty plea after the court rejected parties' plea deal and refused to even allow defendant to plead guilty straight-up to charges with a lower sentencing range).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, the Court should strike the injury/dangerous weapon allegations from the Indictment, allow defendant to plead to the lesser-included charge consistent with the Jury's response to Question #1 on the verdict form, and strike the special findings made in response to Question #2 of the verdict.

DATED: May 13 2025.

BILAL A. ESSAYLI
United States Attorney

/s/ R.J.K.
_____
ROBERT J. KEENAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and a resident of Orange County, California.  I am over 18 years of age, and I am not a party to the above-entitled action.  My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

On this date, **May 13, 2025,** I served a copy of the attached document, **GOVERNMENT'S RESPONSE TO ORDER OF MAY 6, 2025 (Dkt. 90),** on the defendant's attorneys of record and the assigned U.S. Probation Officer by e-mailing it to the following e-mail address:

**Edward M. Robinson** ---  eroblaw@gmail.com
**Brian A. Robinson**  --- broblaw11@gmail.com
**Tom Yu**             --- TYu@TomYuLaw.com

**Shani_Kochav@cacp.uscourts.gov**

I declare under penalty of perjury that the foregoing is true and correct.  This declaration is executed on this day, **May 13, 2025,** at Santa Ana, California.

/s/ R.J.K.
Robert J. Keenan

6