BILAL A. ESSAYLI
United States Attorney
ROBERT J. KEENAN (Bar No. 151094)
Assistant United States Attorney
  UNITED STATES ATTORNEY'S OFFICE
  411 W. Fourth Street
  Suite 8000
  Santa Ana, California 92701
  Telephone: (714) 338-3597
  Facsimile: (714) 338-3708
  E-Mail:    rob.keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-00527-SVW |
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL RESPONSE TO ORDER OF MAY 6, 2025 (Dkt. 90) |
| v. | |
| TREVOR JAMES KIRK, | [Fed. R. Crim. P. 48(a)] |
| Defendant. | DATE:  May 19, 2025<br>TIME:  11:00 a.m.<br>PLACE: FSCH, Courtroom 10-A<br>EST:   20 minutes |

**SUPPLEMENTAL POINTS AND AUTHORITIES**

Having done further legal research on the matter, the Government submits the following additional citations in further response to the Court's May 6, 2025 Order (CR 90):

1. Although Rule 48(a) refers only to dismissal of "an indictment, information, or complaint" (i.e., the entire case), the Ninth Circuit has held repeatedly that the rule also authorizes the lesser power to dismiss particular counts of the indictment. See United States v. Hector, 577 F.3d 1099, 1101-02 (9th Cir. 2009) (collecting cases). Thus, under Rule 48(a), the Court has the still-lesser power to strike part of a count.

2. In United States v. Weber, 721 F.2d 266 (9th Cir. 1983), the Ninth Circuit held that the Government may dismiss a count pursuant to Rule 48(a) in the interest of justice even after a defendant has been convicted at trial. Id. at 268. In Weber, the defendant was convicted by a jury at trial and then sentenced. Id. at 267. While the case was on appeal, the Government developed misgivings about the result based on further review of the case and re-examination of the evidence. Id. Upon stipulation of Weber and the Government, the Circuit dismissed the appeal so that the district court could dismiss the indictment under Rule 48(a), but the district court refused to dismiss. Id. The Circuit reinstated the appeal and ordered the district court to dismiss the indictment. Id. at 268.

In so doing, the Circuit expressly rejected the notion that Rule 48(a) and related case law "did not apply to a motion filed after conviction and sentencing," and held that it "applies regardless of the stage of prosecution at which the Government moves to dismiss the indictment." Id. at 269. The Circuit further explained that such

motions are essential to the Government's exercise of prosecutorial discretion:

> [I]t is the duty of the United States Attorney not simply to prosecute, but to do justice. .... In deciding whether to initiate or terminate a prosecution, the prosecutor has access to, and must take into consideration, a wide range of information that may not be competent evidence at trial. It's no doubt this is part of the reason the prosecutor must be given wide latitude in making those decisions.

Id. at 268.

3. In United States v. Gonzalez, 58 F.3d 459 (9th Cir. 1995), the Circuit reversed a district court's refusal to dismiss one count of an indictment at sentencing. In Gonzalez, the defendant pleaded guilty to two counts pursuant to a cooperation-plea agreement. Id. at 460. At sentencing, the Government moved to dismiss one of those counts because a conviction on that count would expose the defendant to automatic removal from the United States, which was a risk not disclosed to the defendant before he pleaded guilty to it. Id. The district court refused to grant the motion based on the undisclosed deportation risk. Id. Even though the defendant had already pleaded guilty to the subject count, the Circuit directed the district court to dismiss that count upon remand pursuant to Rule 48(a). Id. at 462, 464 ("Separation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative.").

4. Finally, as an example of another case in which the Government relied on Rule 48(a) in support of an uncontested motion to strike a sentence-enhancing allegation from an indictment after

2

trial, please see <u>United States v. Eric Schmidt</u>, Case No. CR 22-174-SB. In <u>Schmidt</u>, the Government indicted the defendant for Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 841(a)(1), and the indictment contained a special allegation that the offense involved more than 400 grams of fentanyl, which triggered the 10-year mandatory minimum sentencing provision in § 841(b)(1)(A)(vi). (<u>See</u> <u>Schmidt</u> Docket, CR 16.) In November 2022, the defendant was convicted by a jury after a two-day trial, and the verdict contained a special finding that the offense involved more than 400 grams of fentanyl. (<u>Id.</u>, CR 61.) A short time later, DOJ issued the Garland Memo, which is referenced in footnote 3 of the Government's Sentencing Brief in this case. Pursuant to the Garland Memo, the Government moved to strike the drug-quantity allegation pursuant to Rule 48(a). (<u>Id.</u>, CR 65.) The Court granted the motion to dismiss/strike the increased penalty provision, 21 U.S.C. § 841(b)(1)(A), from the indictment pursuant to Rule 48(a) and then imposed a sentence well below 10 years. (<u>Id.</u>, CR 70.)

DATED: May 15 2025.

BILAL A. ESSAYLI
United States Attorney

/s/ R.J.K.
_____
ROBERT J. KEENAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and a resident of Orange County, California.  I am over 18 years of age, and I am not a party to the above-entitled action.  My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

On this date, **May 15, 2025,** I served a copy of the attached document, **GOVERNMENT'S SUPPLEMENTAL RESPONSE TO ORDER OF MAY 6, 2025 (Dkt. 90),** on the defendant's attorneys of record and the assigned U.S. Probation Officer by e-mailing it to the following e-mail address:

**Edward M. Robinson    ---   eroblaw@gmail.com**
**Brian A. Robinson     ---   broblaw11@gmail.com**
**Tom Yu                ---   TYu@TomYuLaw.com**

**Shani_Kochav@cacp.uscourts.gov**

I declare under penalty of perjury that the foregoing is true and correct.  This declaration is executed on this day, **May 15, 2025,** at Santa Ana, California.

/s/ R.J.K.
Robert J. Keenan