UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cr-00527-SVW | Date: May 27, 2025 |

Present: The Honorable: **Stephen V. Wilson, U.S. District Judge**

Interpreter NA

| Paul M. Cruz | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Trevor Kirk | | | X | N/A | | | |

**Proceedings:** ORDER GRANTING IN PART THE UNITED STATES OF AMERICA'S MOTION TO DISMISS PORTIONS OF ITS INDICTMENT; AND DENYING THE PARTIES' RULE 11(c)(1)(C) AGREEMENT [82]

### I.     Introduction

Before the Court is the United States of America's ("the Government") motion to dismiss the portions of its indictment against Defendant Trevor Kirk that raise his conviction from a misdemeanor to a felony, as well as the parties' Rule 11(c)(1)(C) agreement. ECF No. 82. For the following reasons, the Government's motion to dismiss motion is GRANTED IN PART and the Rule 11(c)(1)(C) agreement is DENIED.

### II.     Background

The Government charged Defendant with violating 18 U.S.C. § 242, alleging that he deprived Jacy Houseton (hereinafter "J.H." or "Victim") of her constitutional right to be free from excessive force under color of law. ECF No. 1. The Court held a three-day jury trial between February 4 and 6, 2025. ECF Nos. 43, 45, 50. The jury returned a guilty verdict.

After trial, Defendant moved to set aside the verdict. The Court denied the motion, finding that the evidence presented at trial was sufficient to support the jury's decision. *See* ECF No. 75.

On May 19, 2025, the Government moved to dismiss the portions of the indictment against Defendant that elevates his charge from a misdemeanor to a felony. Namely, the allegations that Defendant used a dangerous weapon and that his use of force resulted in bodily injury. *See* ECF No. 82. Defendant consented to the Rule 48(a) motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

III.   Discussion

    A.  **Rule 48(a) Motion to Dismiss**

Rule 48 of the Federal Rules of Criminal Procedure allows the Government to "dismiss an indictment" in a criminal prosecution. The Government may bring Rule 48 motions even if the jury has already returned a verdict. *See Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (holding that the district court abused its discretion by denying a Rule 48(a) motion brought after a jury trial and while the case was on appeal).

District courts have limited discretion to deny Rule 48 motions. Indeed, "[s]eparation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the government would represent an intrusion upon prosecutorial prerogative." *United States v. Gonzalez*, 58 F.3d 459, 461 (1995). In fact, "[w]here a defendant consents to the government's move to dismiss," as is the case here, "it is not clear that the district court has any discretion to deny the government's motion." *United States v. Garcia Valenzuela*, 232 F.3d 1003, 1008 (9th Cir. 2000); *see also In re U.S.*, 345 F.3d 450, 453 (7th Cir. 2003) (Posner, J.) (noting that the court was "unaware . . . of any appellate decision that actually upholds a denial of a motion to dismiss a charge on" the basis that it is contrary to the public interest).

Notwithstanding the above, Rule 48 motions still require that the Government obtain "leave of court." Fed. R. Crim. P. 48(a). But consistent with the "separation-of-powers concerns" surrounding judicial review of Rule 48(a) motions, this "leave of court" requirement affords only limited discretion to deny Rule 48(a) motions. As put by the Supreme Court, "[t]he principal object of [Rule 48's] 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).

Here, even assuming that "leave of court" requirement in Rule 48 gives this Court limited discretion to deny a Rule 48 motion, no circumstances warrant denying the government's motion. There are no concerns of prosecutorial harassment in this case—Defendant consents to the Government's motion to dismiss.

But prosecutorial harassment is not the only grounds in which a court may deny a Rule 48 motion to dismiss. Courts may also deny uncontested Rule 48(a) motions "if the motion is prompted by considerations clearly contrary to the public interest." *Rinaldi*, 434 U.S. at 28, n. 15. Conversely, if the Rule 48(a) motion is not prompted by considerations clearly contrary to the public interest, then it is an abuse of discretion for the district court to deny the dismissal. *See United States v. Weber*, 721 F.2d 266, 268 (9th Cir. 1983); *see also Gonzalez*, 58 F.3d at 461 ("[E]ven if a district court does have discretion to deny an uncontested motion, it could do so ***only*** if the motion were clearly contrary to the manifest public interest.") (cleaned up) (emphasis added). A Rule 48(a) motion is clearly contrary to the public interest "in extremely limited circumstances in extraordinary cases" where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

"the prosecutor's actions clearly indicate a 'betrayal of the public interest.'" *United States v. Hamm*, 659 F.2d 624, 629 (5th Cir. 1981) (holding that the district court abused its discretion by denying a Rule 48(a) motion made after a guilty plea but prior to sentencing).

The Ninth Circuit's decision in *United States v. Weber* is instructive. There, the Government charged the defendant with conspiracy to defraud the government. *Id.* at 267. The case went to trial, and the jury returned a guilty verdict. *Id.* The defendant appealed. *Id.* While the case was on appeal, an assistant United States Attorney interviewed the defendant and learned new facts that did not come out during trial. *Id.* at 268. These new facts led the Assistant United States Attorney to "develop a serious and substantial doubt as to [the defendant's] guilt." *Id.* The Government accordingly made a Rule 48(a) motion to dismiss the case, but the district court denied the Government's motion. *Id.*

The Ninth Circuit held that the district court abused its discretion in denying the Government's motion. *Id.* It held that "[s]eeking dismissal because of the existence of . . . reasonable doubt" as to the guilt of the defendant "was not 'clearly contrary to the public interest.'" *Id.*

This case presents the same question as *Weber*: whether the Government's Rule 48(a) motion is "prompted by considerations clearly contrary to the public interest." *Rinaldi*, 434 U.S. at 28, n. 15. If not, then the Court must grant the motion.

The Court explicitly asked the Government what prompted its Rule 48(a) motion in the Court's May 19, 2025 hearing. The Government explained that, upon further review of the facts of the case, it believed that Defendant's conduct fell on the lower end of the excessive force spectrum. Not only that, but that the Government believed that it prosecuted the case in an improper way—it emphasized potentially misleading evidence and made arguments not fully supported by evidence.[1] In short, the Government made its Rule 48(a) motion because it believed its prosecution of Defendant was, at least in part, unfair.

Accordingly, the Government believes that dismissing the felony portion of its indictment will better serve the interests of justice. A misdemeanor conviction, according to the Government, is more consistent with the specific facts of the case, namely: (1) the low level of force used compared to typical excessive force cases; (2) the relatively minor nature of the Victim's injuries; and (3) the circumstances of the case—i.e., that Defendant was responding to a potential armed robbery. *See* Gov. Position Statement in Response to the Pre-Sentence Report, ECF No. 94 (outlining the reasons in support of its sentencing recommendations).[2] This is not an entirely

---

[1] Specifically, the Government critiqued its reliance on the County's Use of Force procedures---particularly the argument that a violation of those procedures necessarily meant that the force used was unreasonable.

[2] To be clear, the Court is not saying that it agrees with the Government's assessment of the case. But the Court's assessment of the case is immaterial. What matters is what prompted the Government to bring the Rule 48(a) motion. The Government's new view of the evidence is relevant to that question regardless of whether the Court agrees with the Government's analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

new position by the Government. Prior to trial, the Government offered to have Defendant plea guilty to the misdemeanor charge, but he did not accept. *See id.* at 4-5.

A Rule 48(a) motion motivated by these considerations is not "clearly contrary to the manifest public interest." *See Weber*, 721 F.2d at 268. Rather, while not factual identical, these considerations are similar to the ones present in *Weber*. There, the government made a Rule 48(a) motion because it "develop[ed] a serious and substantial doubt as to [the defendant's] guilt." *Weber*, 721 F.2d at 268. Here, the Government makes a Rule 48(a) motion because it carries doubts as to whether a felony conviction matches the severity and circumstances of Defendant's crime. Both cases confront the same premise: the Government doubts whether the jury's verdict is appropriate given the case's circumstances.[3]

Developing and acting on such doubts is not "clearly contrary to the manifest public interest." Quite the contrary, it is consistent with the public interest for prosecutors to dismiss cases (or, as is the case here, portions of cases)[4] that they do not believe are worthy of prosecution. Indeed, "it is the duty of the United States Attorney not simply to prosecute, but to do justice." *Id.*

Yes, there is certainly a public interest in upholding jury verdicts. But that public interest alone is not enough to justify denying a Rule 48(a) motion. After all, that public interest in jury verdicts existed in *Weber*, and yet the Ninth Circuit still held that the district court abused its discretion by denying the Rule 48(a) motion. *See Weber*, 721 F.2d at 269.

Rather, while the appellate courts have not defined the fine contours of what exactly counts as a consideration "clearly contrary to the manifest public interest," the available case law suggests that overturning a jury verdict is not, by itself, sufficient. In *Weber*, for example, the Court explained that "acceptance of a bribe by the prosecutor or the desire to attend a social event instead of appearing in court" would be such a consideration. *Id.*[5] No similar circumstances are present in this case.

---

[3] To be sure, some aspects of *Weber* are different from this case. In *Weber*, the Government held doubts as to the defendant's guilt. By contrast, the Government in this case does not doubt that Defendant violated 18 U.S.C. § 242. It just doubts that a felony conviction is appropriate given that the case falls on the less severe end of the excessive force spectrum. This is distinction is not dispositive. *Weber* is not limited to its specific facts. The Ninth Circuit in *Weber* granted the Rule 48(a) motion because of the Government's duty "to do justice" and the "wide latitude" that prosecutors must have in deciding whether to continue with a prosecution, even after a jury verdict. *Id.* Both considerations apply equally to this case.

[4] The Court is not aware of—and the Government did not cite—any published cases where a court dismisses only a portion of a single count of an indictment pursuant to Rule 48 after a jury verdict. Each of *Rinaldi¸ Weber*, *Gonzalez*, and *Garcia-Valenzuela* involved either a complete dismissal of an indictment, or a dismissal of entire counts of an indictment. However, given the separation of power principles at play, and the broad deference that must be given to the executive in charging decisions, this distinction is immaterial. *See United States v. Miller*, 722 F.2d 562, 564 (9th Cir. 1983) (in making a charging decision, the prosecution makes "an executive choice" and "his discretion is almost absolute").

[5] These examples are consistent with *United States v. Hamm*, a Fifth Circuit case cited favorably by *Weber*, which held that Rule 48(a) motions are contrary to the public interest "in extremely limited circumstances in extraordinary cases." *See* 659 F.2d at 629.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

In fact, when a defendant agrees to a Rule 48(a) motion, it is not clear that there are ***any circumstances*** in which the dismissal would be contrary to the public interest. *See In re U.S.*, 345 F.3d 450, 453 (7th Cir. 2003) (Posner, J.) (noting that the court was "unaware . . . of any appellate decision that actually upholds a denial of a motion to dismiss a charge on" the basis that it is contrary to the public interest) (emphasis added). In fact, separation of powers principles suggests that there are no such circumstances. Judge Posner in *In re U.S.* outlined the issue aptly:

> "The Constitution's 'take Care' clause (art. II, § 3) places the power to prosecute in the executive branch, just as Article I places the power to legislate in Congress. A judge could not properly refuse to enforce a statute because he thought the legislators were acting in bad faith or that the statute disserved the public interest; it is hard to see, therefore, how he could properly refuse to dismiss a prosecution merely because he was convinced that the prosecutor was acting in bad faith or contrary to the public interest."

345 F.3d at 453.

But even if courts can deny Rule 48(a) motions joined by the defendant, this is not one of the "exceptional circumstances" that warrants such denial. *See Gonzalez*, 58 F.3d at 461. As explained above, the Government's considerations behind its Rule 48(a) motion are not "clearly contrary to the manifest public interest." *See Weber*, 721 F.2d at 268. The Court must grant the Government's motion.

### B. Rule 48 Motion to Strike the Second Question of the Jury Verdict

In addition to moving to dismiss the felony allegations in the indictment, the Government moves to strike the second question in the jury verdict. The Court denies that part of the motion.

By its plain terms, Rule 48 applies to an "indictment, information, or complaint." A jury verdict is none of these. And the Government identifies no authority supporting the premise that the Court can strike a portion of a jury verdict in a criminal case.

Moreover, it is unclear why it is necessary to strike that portion of the verdict in order to eliminate the felony conviction. There is no indication in either *Rinadli* or *Weber* that the Court, in addition to dismissing the indictment, also struck the jury verdict. That is likely because once a charge is dismissed, the defendant cannot be guilty of that crime regardless of what the verdict says. That is the necessary result of the "ancient doctrine of both the common law and our Constitution that a defendant cannot be held to answer a charge not contained in the indictment[.]" *Schmuck v. U.S.*, 489 U.S. 705, 717 (1989). Accordingly, the Court will not strike any portion of the jury verdict.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

This, of course, does not mean that Defendant is convicted of a felony. The Court will, as explained above, dismiss the felony allegations in the indictment pursuant to the Government's Rule 48(a) motion. Without the felony allegations, all that remains in the indictment is a misdemeanor charge, which the Court will include in its judgment, per the jury's verdict.

### C. Rule 11(c)(1)(C) Plea Agreement

In addition to moving to dismiss the allegations from Defendant's indictment that elevate his crime from a misdemeanor to a felony, the Government separately submits a Rule 11(c)(1)(C) plea agreement (hereinafter, the "Plea Agreement") for the Court's approval.[6] In broad strokes, the Plea Agreement stipulates that Defendant will plead guilty to a misdemeanor violation of 18 U.S.C. § 242, and the parties will stipulate to a sentence of one-year probation. Post-Trial Agreement at 10, ECF No. 82.

"Rule 11 clearly vests district courts with the discretion to accept or reject plea agreements, including those that contain a stipulated sentence term." *In re Morgan*, 506 F.3d 705, 710 (9th Cir. 2007); *see also* Fed. R. Civ. P. Rule 11(c)(3) ("To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.").

But while the Court certainly has "broad discretion" to reject Rule 11(c)(1)(C) agreements, this is discretion "is not unbounded." *Id.* Courts cannot "categorical[ly] reject[]" such agreements; rather, they "must consider individually every sentence bargain presented to them and must set forth, on the record, the court's reasons in light of the specific circumstances of the case for rejecting the bargain." *Id.* at 712.

With the Court's discretion defined, it now turns to the Plea Agreement: a misdemeanor guilty plea in exchange for a stipulated sentence of one-year probation. As a threshold matter, Defendant cannot plead guilty to a misdemeanor. The Government isn't moving to dismiss the entire indictment—only the part that made the offense a felony. The jury still found that Defendant willfully used unreasonable force, which supports a misdemeanor conviction under 18 U.S.C. § 242. That verdict remains in place, even if the felony enhancements are dismissed. Since the jury has already convicted Defendant of the misdemeanor, there is no need—or legal basis—for a guilty plea to that charge.

As to the parties stipulated sentence of one-year probation, the Court rejects this agreement. Straight probation does not match the facts of this case. Defendant committed the offense—the willful use of unreasonable force—while acting under color of law as a police officer. Police officers are entrusted with protecting the public, not harming them. By willfully using unreasonable force against J.H., Defendant broke that trust. A sentence of

---

[6] The Government's papers initially stated that their Rule 48 motion was made "conditionally" and "subject to the terms of the post-trial agreement." That suggested that the agreement would move under Rule 48 only if the Court accepted the post-trial agreement. However, at the hearing on May 18, the Government clarified that its Rule 48 motion was separate from the post-trial agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

straight probation does not sufficiently reflect Defendant's breach of duty and the manner in which he breached that duty.

### IV.     Conclusion

For the foregoing reasons, the Court GRANTS IN PART the Government's motion to dismiss the allegations in Defendant's indictment that raise his conviction from a misdemeanor to a felony. It will dismiss the felony allegations in the indictment, but it will not strike any portion of the jury verdict. The Court separately REJECTS the parties Rule 11(c)(1)(C) agreement.

With the felony allegations dismissed, Defendant stands convicted, by a jury, of the misdemeanor violation of 18 U.S.C. § 242 (i.e., Question 1 on the jury's special verdict form, *see* ECF No. 56). Accordingly, all that is left in this case is sentencing, which will proceed on June 2 at 11:00 a.m.

**IT IS SO ORDERED.**

| | Initials of Deputy Clerk | : |
| --- | --- | --- |
| | | PMC |