BILAL A. ESSAYLI
United States Attorney
ROBERT J. KEENAN
Assistant United States Attorney
 UNITED STATES ATTORNEY'S OFFICE
 312 North Spring Street
 Suite 1200
 Los Angeles, California  90012
 Telephone: (213) 894-2400
 Telephone: (714) 338-3500
 E-Mail:     rob.keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00527-SVW |
| Plaintiff, | SUPPLEMENTAL BRIEF IN SUPPORT OF GOVERNMENT'S MOTION FOR ORDER DISMISSING INDICTMENT, VACATING JUDGMENT, AND EXONERATING BOND |
| v. | |
| TREVOR JAMES KIRK, | |
| Defendant. | DATE:    August 4, 2025<br>TIME:    11:00 a.m.<br>PLACE:   FSCH, Courtroom |

The government hereby files this supplemental brief to address a jurisdictional issue relating to defendant's pending appeal and to address J.H.'s recently-filed objection to the government's motion to dismiss.

First, due to the pendency of defendant's appeal and the resulting question about this Court's jurisdiction to grant the motion to dismiss, the government hereby asks the Court, in the alternative, for an "indicative ruling" under Fed. R. Crim. P. 37(a). The indicative ruling should state that the Court would grant the

motion to dismiss if the Ninth Circuit remands the case for that purpose. Id.

Second, in response to J.H.'s objection to the motion to dismiss, the government notes that the Ninth Circuit recently addressed a similar objection that J.H. raised in response to the government's motion to reduce defendant's conviction from a felony to a misdemeanor. See In re. J.H., 138 F.4th 1347, 1348-49 (9th Cir. June 5, 2025). J.H. challenged the legal basis of the district court's Rule 48(a) order striking the felony allegations from the indictment. Id. at 1348. The Circuit denied the petition. Id. at 1349. As the Circuit explained, the Crime Victims' Rights Act ("CVRA") provides victims with various rights to, for example, address the Court regarding plea agreements, deferred prosecution agreements, sentencing, and it found that this Court, in fact, provided J.H. with the opportunity to exercise those rights. Id. at 1348. As the Circuit explained, however, "the CVRA's mandamus procedure does not permit victims to challenge —— and does not empower a court of appeals to address —— matters other than a district court's denial of the rights enumerated in that statute." See 18 U.S.C. § 3771(d)(3).

In this case, the Court has previously held that Rule 48(a) authorizes a government motion to dismiss, even after a defendant is convicted at trial. (See Dkt. 103.) As the government explained at the hearing on the Rule 48(a) motion, the government has had misgivings about the case. The time to review the evidence and the trial transcripts and to consider how (or whether) to proceed with the case was limited, which is why the government asked for more time. The government's sentencing briefs and detailed review of

2

photo-captures from the video evidence reflect only some of those concerns, including J.H.'s role in provoking defendant's use of force.  While explaining the decision to file the Rule 48(a) motion, the government also noted that its remarks regarding the trial and evidence would not be helpful for any subsequent appeal.

As to the matter of sentencing, the government argued that a sentence of imprisonment would be unreasonable and, if memory serves,[1] intolerable.  Since that hearing, defendant has filed a notice of appeal, and defendant's motion for bond pending appeal has been denied, with a surrender date for later this month.

Based on all of the foregoing, and in the exercise of its prosecutorial discretion, the government has determined that the interests of justice warrant dismissal of the case and has elected to not defend the conviction on appeal.  With that decision now having been made, an order dismissing the case and vacating the judgment is the proper course of action.

///
///
///
///
///
///
///
///
///

---

[1] Counsel has not had a chance to review a transcript of the hearing.

If the Court issues an indicative ruling that it would grant the motion to dismiss upon remand, the parties can then file a joint motion to remand the case for that purpose.

DATED: August 1, 2025.                  Respectfully submitted,

                                      BILAL A. ESSAYLI
                                      United States Attorney

                                            */s/ R.J.K.*

                                      ROBERT J. KEENAN
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

I am a citizen of the United States.  I am over 18 years of age, and I am not a party to the above-entitled action.  My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

On this date, **August 1, 2025**, I served a copy of the attached document, **SUPPLEMENTAL BRIEF IN SUPPORT OF GOVERNMENT'S MOTION FOR ORDER DISMISSING INDICTMENT, VACATING JUDGMENT, AND EXONERATING BOND,** on the attorney of record for the individual identified in the indictment as "J.H." by e-mailing it to the following e-mail addresses:

    **careeharper@aol.com**

    **ch1@attorneyharper.com**

I declare under penalty of perjury that the foregoing is true and correct.  This declaration is executed on this day, **August 1, 2025.**

                                             /s/ R.J.K.
                                          Robert J. Keenan